**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

MADINAKHON KHAKIMOVA,

Petitioner,

v.

WARDEN OF OTAY MESA
DETENTION CENTER, et al.,

Respondents.

Case No.:  3:26-cv-00795-RBM-MSB

**ORDER DENYING PETITION FOR
A WRIT OF HABEAS CORPUS
WITHOUT PREJUDICE**

**[Doc. 1]**

Pending before the Court is Petitioner Madinakhon Khakimova's ("Petitioner") Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition").  (Doc. 1.) Petitioner claims she has been detained since September 26, 2024 without a bond hearing in violation of the Fifth Amendment's Due Process Clause, the Immigration and Nationality Act ("INA"), and the Administrative Procedure Act ("APA").  (*Id*. at 6.)  For the reasons set forth below, the Petition is **DENIED WITHOUT PREJUDICE**.

## I.    BACKGROUND

Petitioner, a native and citizen of Kyrgyzstan, entered the United States without authorization on September 26, 2024.  (Doc. 6 at 2.)  Petitioner was "processed for expedited removal under 8 U.S.C. § 1225(b)(1)" and transferred into the custody of United States Immigration and Customs Enforcement ("ICE") for removal.  (*Id*.)  Petitioner then

1

expressed a fear of return to Kyrgyzstan. (*Id.*) After being interviewed by an asylum officer, Petitioner received a positive credible fear determination. (*Id.*) On November 18, 2024, Petitioner was served a Notice to Appear and placed in removal proceedings before an immigration judge ("IJ"). (*Id.*) "On August 25, 2025, the IJ ordered Petitioner removed and granted withholding of removal under the [INA] as to Russia and Kyrgyzstan." (*Id.*)

On December 19, 2025, Petitioner filed a motion to reopen her removal proceedings, "asking the IJ to permit her to withdraw her applications for relief and allow her to voluntarily depart to Kyrgyzstan." (*Id.* at 4 n.2; Doc. 1 at 6.) "Petitioner later withdrew her request on" February 6, 2026. (Doc. 1 at 6; Doc. 6 at 4 n.2.)

## II.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III.    DISCUSSION

Petitioner claims her "continued detention has become unreasonable because her removal is not reasonably foreseeable." (Doc. 7 at 6–7; *see* Doc. 1 at 6.) Petitioner also claims that "ICE derived [*sic*] from its own policy by detaining [her] after withholding was granted," in violation of the APA. (Doc. 1 at 6.)[1]

---

[1] Petitioner does not identify any applicable policy from which ICE "deviated." (*See* Doc. 7 at 3 (alleging ICE has a "long-standing policy [ ] to release non-citizens immediately following a grant of *asylum*") (emphasis added).) The Court declines to consider any

2

Respondents argue that: (1) the Petition is not ripe for review because the presumptively reasonable period of detention has not expired; and (2) "[e]ven if the Court declined to deny the [P]etition on this basis, Petitioner has neither overcome the presumption nor shown that there is no significant likelihood of removal in the reasonably foreseeable future." (Doc. 6 at 1.)  The Court agrees.

The Supreme Court has recognized a six-month presumptively reasonable period of detention after a noncitizen's removal order becomes final.  *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).  After the six-month period expires, Petitioner has the initial burden of showing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."  *Id*.  Once the noncitizen meets this initial burden, the burden shifts to Respondents to "respond with evidence sufficient to rebut that showing." *Id*.  If "removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute," and the noncitizen must be released.  *Id*. at 699–700; *see* 28 U.S.C. § 1231(a)(3) ("If the [noncitizen] does not leave or is not removed within the [90-day] removal period, the [noncitizen], pending removal, shall be subject to supervision under regulations prescribed by the Attorney General.").

Section 1231's detention authority applies during the "'removal period' . . . which begins on the latest of three dates: (1) the date the order of removal becomes administratively final; (2) if the removal order is judicially reviewed and if a court orders a stay of the removal of the [noncitizen], the date of the court's final order; or (3) if the [noncitizen] is detained or confined (except under an immigration process), the date the [noncitizen] is released from detention or confinement."  *Padilla-Ramirez v. Bible*, 882 F.3d 826, 830 (9th Cir. 2017) (quoting 8 U.S.C. § 1231(a)(1)(B)(i)–(iii)) (cleaned up).

---

claims raised in Petitioner's Reply that were not asserted in the Petition.  *See Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir.1994) ("A Traverse is not the proper pleading to raise additional grounds for relief."); *Esquivel-Ipina v. LaRose*, —F. Supp. 3d—, 2025 WL 2998361, at *5 (S.D. Cal. Oct. 24, 2025).  As such, and in light of the disposition herein, the APA claim is **DENIED WITHOUT PREJUDICE**.

3

In this case, an IJ ordered Petitioner removed and granted withholding of removal to Russia and Kyrgyzstan on August 25, 2025. (Doc. 6-1 at 2–5.)  Both Petitioner and Respondents reserved the right to appeal, which expired on September 24, 2025. (*See* Doc. 6-1 at 5l Doc. 7 at 2.)[2]  As such, Petitioner's removal order became administratively final on September 24, 2025, and the presumptively reasonable six-month period will expire on March 24, 2026. *See Coria v. Garland*, 114 F.4th 994, 1001 (9th Cir. 2024) ("By statute, an order of removal 'become[s] final upon' a decision of the BIA affirming that order or *the expiration of the period for seeking BIA review*.") (emphasis added) (quoting 8 U.S.C. § 1101(a)(47)(B)).  As such, Petitioner's detention is still presumptively reasonable.

Many district courts, including this Court, have found that the six-month presumption is rebuttable. *See Ndandu v. Noem*, —F. Supp. 3d— , 2026 WL 25848, at *3–4 (S.D. Cal. Jan. 5, 2026) (citing cases).  "[W]ithin the six-month period, 'the petitioner must claim and *prove* [ ] that his removal is not reasonably foreseeable' to overcome the presumption." *Id*. at *4 (quoting *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 398 (D.N.J. 2025)) (emphasis in original); *see Cesar v. Achim*, 542 F. Supp. 2d 897, 903 (E.D. Wis. 2008) ("[T]he presumption scheme merely suggests that the burden the detainee must carry within the first six months . . . is a heavier one than after six months has elapsed."). However, Petitioner fails to provide any argument or evidence to overcome this presumption. *Cf. Ndandu*, 2026 WL 25848, at *4–6 (holding petitioner, who was detained for less than six months, overcame presumption of reasonableness where he was granted deferral of removal to his home country, the government has unsuccessfully tried to remove him, and the government failed to identify any other countries willing to accept him).

---

[2] The Court notes that portions of Petitioner's Reply include demonstrably inaccurate and contradictory factual assertions which lead to inapplicable arguments and assertions.  For example, Petitioner acknowledges that she was ordered removed on August 25, 2025, and that the removal order became final on September 24, 2025 (Doc. 7 at 2), but then incorrectly claims she was granted withholding of removal on June 7, 2025 and that Petitioner and Respondents both waived appeal (*see id*. at 11).

4

3:26-cv-00795-RBM-MSB

Even if the presumptively reasonable period passed, Petitioner raises no argument or reason as to why her removal is not significantly likely in the foreseeable future. (*See generally* Doc. 1; Doc. 7.) Petitioner therefore fails to satisfy her lesser, initial burden of demonstrating there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *See Zadvydas*, 533 U.S. at 701.

Accordingly, the Court finds that Petitioner's detention has not been unconstitutionally prolonged under *Zadvydas*. The Court acknowledges that Petitioner's detention may at some point become unreasonably prolonged and due process may, at that time, necessitate certain procedural safeguards. The Petition is therefore **DISMISSED WITHOUT PREJUDICE** to allow Petitioner to seek relief in the future, if necessary.

### IV.   CONCLUSION

Based on the foregoing reasons, the Petition is **DENIED WITHOUT PREJUDICE**. Petitioner may file an amended petition curing the identified deficiencies **on or before April 17, 2026**.

**IT IS SO ORDERED**.

DATE:  March 17, 2026

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

3:26-cv-00795-RBM-MSB