**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

MADINAKHON KHAKIMOVA,
Petitioner,

v.

WARDEN OF OTAY MESA DETENTION CENTER, et al.,
Respondents.

Case No.: 3:26-cv-00795-RBM-MSB

**ORDER DENIED PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER**

**[Doc. 17]**

On June 10, 2026, this Court granted Petitioner Madinakhon Khakimova's ("Petitioner") Amended Petition for Writ of Habeas Corpus ("Amended Petition") (Doc. 9) and ordered Petitioner released on conditions deemed appropriate by immigration authorities pursuant to 8 U.S.C. § 1231(a)(3) and 8 C.F.R. § 241.13(h)(1). (Doc. 12.)

Now pending before the Court is Petitioner's Renewed Motion for Temporary Restraining Order ("Renewed TRO Motion"). (Doc. 17.) Petitioner states that U.S. Immigration and Customs Enforcement ("ICE") has taken her back into custody, despite this Court's June 10, 2026 Order, "and informed counsel that Petitioner is scheduled to be deported [on September 23, 2026] absent immediate judicial intervention." (*Id.* at 2.) Petitioner therefore seeks "a [TRO] to prevent Respondents from deporting, removing, transferring for removal, or otherwise effectuating her removal to Africa or any third country pending further order of this Court." (*Id.*) For the reasons set forth below, Petitioner's Renewed TRO Motion (Doc. 17) is **<u>DENIED</u>** for lack of jurisdiction.

# I. BACKGROUND

Petitioner, a native and citizen of Kyrgyzstan, entered the United States on or around September 26, 2024. (Doc. 17 at 2.) "On August 25, 2025, an Immigration Judge ordered Petitioner removed and granted withholding of removal as to Russia and Kyrgyzstan, and the decision became final on September 24, 2025." (*Id.*) "Petitioner was detained for an extended period beginning September 26, 2024, and Respondents previously conceded they could not establish a significant likelihood of removal in the reasonably foreseeable future." (*Id.*)

On February 9, 2026, Petitioner filed the Petition claiming her immigration detention had become unconstitutionally prolonged. (*See* Doc. 1.) The Court denied the Petition with leave to amend. (Doc. 8.) Petitioner filed the Amended Petition on April 17, 2026. (Doc. 9.) On June 10, 2026, this Court granted the Amended Petition after Respondents acknowledged they could not establish a significant likelihood of Petitioner's removal in the reasonably foreseeable future under *Zadvydas v. Davis*, 533 U.S. 678 (2001), and ordered Respondents to release Petitioner. (Doc. 12.)

On September 18, 2026, Petitioner filed an Emergency Motion for Temporary Restraining Order ("First TRO Motion") stating that "ICE has now taken Petitioner back into custody without providing proper notice to Petitioner, Petitioner's counsel, or this Court." (Doc. 14 at 2.) Shortly thereafter, the Court issued an order setting a briefing schedule and ordered that Petitioner file an amended petition. (Doc. 15 at 2.)

Pursuant to this Court's Order, Petitioner filed a Second Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Second Amended Petition") (Doc. 16) as well as the Renewed TRO Motion (Doc. 17) on September 22, 2026. In the Renewed TRO Motion, Petitioner asserts that she was re-detained "without proper notice to Petitioner, counsel, or this Court and transferred her out of this District." (Doc. 17 at 2.) Petitioner further states she "is currently detained at an ICE processing center in Louisiana and, according to information provided to counsel, is scheduled to be deported to Africa or any third country" on September 23, 2026. (*Id.*) "Respondents have not produced a valid travel

document, third-country acceptance evidence, removal itinerary, or any lawful individualized justification permitting re-detention after this Court ordered release." (*Id.* at 3.)[1]

## II. LEGAL STANDARD

The legal standard for issuing a TRO is essentially identical to the standard for issuing a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). In the Ninth Circuit, "[a] party seeking a preliminary injunction must meet one of two variants of the same standard." *All. for the Wild Rockies v. Pena*, 865 F.3d 1211, 1217 (9th Cir. 2017). Under the *Winter* standard, a party is entitled to a preliminary injunction if he demonstrates that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). A party must make a showing on all four prongs. *See A Woman's Friend Pregnancy Res. Clinic v. Becerra*, 901 F.3d 1166, 1167 (9th Cir. 2018). "[I]f a [petitioner] can only show that there are serious questions going to the merits—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the balance of hardships tips sharply in the [petitioner's] favor, and the other two *Winter* factors are satisfied." *All. for the Wild Rockies*, 865 F.3d at 1217 (cleaned up).

---

[1] Respondents have not filed a response to the instant TRO Motion. Petitioner explains that she seeks this emergency relief based on the Government's representations that they plan to remove her today. (*See* Doc. 7 at 2.) The Court will therefore consider whether the TRO Motion should be granted on the merits. *See Rodas v. Samiea*, No. 5:26-CV-65-AB (SK), 2026 WL 184226, at *1 (C.D. Cal. Jan. 19, 2026) ("Emergency ex parte relief preventing Petitioner's transfer from this district or removal from the country is appropriate to preserve this court's jurisdiction.").

## III. DISCUSSION

### A. Jurisdiction

The Court need not reach the *Winter* factors or the merits of the underlying Second Amended Petition because Petitioner has not shown why this Court, as opposed to the one of the three district courts in Louisiana—where Petitioner is presently detained—is the proper Court to consider her TRO Motion.

"The federal courts are under an independent obligation to examine their own jurisdiction[.]" *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990), *holding modified by City of Littleton, Colo. v. Z.J. Gifts D-4, L.L.C.*, 541 U.S. 774 (2004). The federal habeas statute authorizes district courts to grant habeas relief "within their respective jurisdictions." 28 U.S.C. § 2241(a). "The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). Habeas jurisdiction is established at the time of filing. *Johnson v. Gill*, 883 F.3d 756, 761 (9th Cir. 2018) (holding a petitioner's transfer to another facility did not destroy jurisdiction established at the time of filing). "[T]he only federal court that can properly entertain a habeas petition is one located in the 'district in which the applicant is held,' in other words, the district of confinement." *Doe v. Garland*, 109 F.4th 1188, 1198 (9th Cir. 2024) (citing 28 U.S.C. § 2242); *see Lopez-Marroquin v. Barr*, 955 F.3d 759, 759–60 (9th Cir. 2020) (applying the "district of confinement" rule to a § 2241 petition challenging a noncitizen's immigration detention). "[W]hen the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." *Rumsfeld*, 542 U.S. at 441 (citing *Ex parte Endo*, 323 U.S. 283 (1944)). Where a case is filed in the wrong division or district, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *See* 28 U.S.C. § 1406(a).

In this case, at the time of filing the Second Amended Petition, Petitioner was detained, and is presently detained, at an ICE processing center in Louisiana. (Doc. 17 at 2.) As this District is not within Petitioner's district of confinement, this Court lacks jurisdiction over the Second Amended Petition and cannot rule on the TRO Motion. *See Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990) ("[J]urisdiction attaches on the initial filing for habeas corpus relief.") (quoting *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985)).

Petitioner may seek such emergency relief in the appropriate Louisiana district court within Petitioner's district of confinement. Accordingly, the TRO Motion is **DENIED** for lack of jurisdiction.

## IV. CONCLUSION

Based on the foregoing reasons, the TRO Motion (Doc. 17) is **DENIED**. Additionally, Petitioner is **ORDERED TO SHOW CAUSE** on or before September 30, 2026 as to why the Second Amended Petition should not be dismissed for lack of jurisdiction or otherwise transferred to the appropriate Louisiana district court for further proceedings under 28 U.S.C. § 1406(a).

**IT IS SO ORDERED**.

DATE: September 23, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE